UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re: )
)
ROSS H. BRIGGS, ) No. 4:17 MC 674 RWS
)
Petitioner. )
)

### MEMORANDUM AND ORDER

Before me is Petitioner Ross H. Briggs' ("Briggs") motion for Reinstatement of Full Privileges to Practice Before the Bankruptcy Court [1]. Based upon the record before me and for the reasons that follow, I will deny Briggs' motion and dismiss this case for lack of jurisdiction.

Judge Charles E. Rendlen, III, of the Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court"), limited Briggs' privilege to practice before the Bankruptcy Court by a Judgment Memorandum and Opinion and Order dated April 20, 2016. See In re: Evette Nicole Reed, Bankr. Case No. 14-44818, Doc. [29]. Judge Rendlen specifically stated in the sanctions order that Briggs could submit a motion for reinstatement to the privilege of practicing before the Bankruptcy Court after October 1, 2016, or anytime thereafter.[1] Judge Rendlen also required Briggs to complete certain CLE requirements as a condition of

---
[1] Judge Rendlen's order provided: "Briggs is invited to file, on October 1, 2016 or any time thereafter, a motion for reinstatement to the privilege of practicing before the Court after October 15, 2016."

1

reinstatement. In his request for reinstatement, Briggs asserts that he has satisfied the requirements of Judge Rendlen's order.

The matter before me is not Briggs' first attempt to obtain reinstatement. Briggs previously filed motions for reinstatement with Judge Ronnie L. White of the United States District Court for the Eastern District of Missouri and Chief Judge Kathy Surrat-States of the Bankruptcy Court. Briggs filed a motion for reinstatement with Judge White in a bankruptcy appeal matter, In re: Reed, 4:16-cv-00633-RLW, on October 10, 2016. See In re: Reed, 4:16-cv-00633-RLW, Doc. [54]. Judge White dismissed that case on January 3, 2017, without expressly ruling on the motion for reinstatement. Briggs filed a new motion for reinstatement with Chief Judge Surrat-States in the matter In re Ross H. Briggs, Bankr. Case No. 17-401-659 on September 26, 2017. See In re Ross H. Briggs, Bankr. Case No. 17-401-659, Doc. [1]. Chief Judge Surrat-States denied Briggs' motion for reinstatement, concluding that there was no basis for the relief requested. See In re: Ross H. Briggs, Bankr. Case No. 17-401-659, Doc. [2]. Although Briggs is apparently appealing Chief Judge Surrat-States' decision, Briggs also separately filed this matter.

In suspending Briggs from practice before the Bankruptcy Court, Judge Rendlen exercised his inherent authority to sanction persons appearing before him and to control bar admission. See In re: Steward, 828 F.3d 672, 686-7 (8th Cir. 2016). Clearly, Briggs should seek reinstatement from Judge Rendlen directly.

Judge Rendlen provided specific guidance in the sanctions order regarding the filing of a motion for reinstatement. This court did not sanction Briggs. Briggs has not exhausted the proper judicial channels, and his remedy is not to file another new case before this court. I cannot comprehend why, instead of following the proper process, Briggs has wasted the time and judicial resources of multiple courts. Briggs' duplicitous approach to reinstatement appears to be symptomatic of the poor judgment and behavior which caused Judge Rendlen to suspend him from practice before the Bankruptcy Court in the first instance. As a result, I will deny Briggs' motion for reinstatement.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reinstatement of Full Privileges to Practice Before the Bankruptcy Court [1] is **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2017.